BENNETT *v.* LASHLEY.

MORTGAGES—CANCELLATION OF INSTRUMENTS—FRAUD OF MORTGAGEE NOT ESTABLISHED.

Where the owner of a lot conveyed it to a contractor to facilitate the building of a house thereon, taking back a land contract, and the contractor mortgaged it and absconded, in a suit to set aside the mortgage, evidence *held*, insufficient to establish fraud on the part of the mortgagee.

Appeal from Oakland; Brown (William B.), J., presiding. Submitted October 19, 1926. (Docket No. 97.) Decided January 3, 1927.

Bill by Jacob A. Bennett and another against Walter Lashley, Jack Weisberg and another to set aside certain deeds and a land contract. From a decree for plaintiffs, defendant Weisberg appeals. Modified and affirmed.

*Mayer, Ruby & Joachim (Leopold D. Mayer,* of counsel), for appellant.

CLARK, J. Plaintiffs owned a lot. They contracted with defendant Walter Lashley that he build a house on it, and pursuant thereto conveyed by deed to him and took back a land contract. They also paid him a sum of money. He absconded, but, before doing so, he borrowed $500 from defendant Weisberg, and his wife joined him in giving to Weisberg a deed of the property as security. Weisberg was a student at the University of Michigan. He had left a sum of money for investment with Saffir and Hoffman trading as Capitol Land Contract Company. The loan was made through them. Later when Saffir was told by plain-

Cancellation of Instruments, 9 C. J. § 195; Mortgages, 41 C. J. § 331.

tiffs of the fraud of Lashley, he offered to surrender $40 commission which had been charged Lashley and to have Weisberg reconvey for $460. The deed to Lashley and the land contract were recorded. The deed to Weisberg was recorded first as a deed and later, upon advice of counsel, as a mortgage. The bill, alleging fraud, prays that all of the aforesaid instruments be set aside and that the property and title be restored to plaintiffs. Plaintiffs had decree for relief prayed. Defendant Weisberg has appealed.

The trial judge drew inferences from certain circumstances, among them, Weisberg's leaving with Saffir and Hoffman money for investment; that 27 days intervened between the delivery and the recording of the deed to Weisberg; that it was recorded first as a deed and later as a mortgage; and that Saffir was willing to give credit for the commission, and the judge finds the aggregate of such inferences to be fraud. We do not so read the record. The plaintiffs have failed wholly to make a case of fraud against Weisberg.

The decree will be modified as urged by counsel for said defendant. Weisberg's mortgage will stand. The debt secured thereby is as here claimed by defendant Weisberg, $460 with interest at 5% per annum from October 1, 1924. Plaintiffs will have 60 days from decree in which to pay. In the event of failure so to pay, defendant may sell as upon foreclosure of a mortgage, statutory redemption period to follow. Defendant Weisberg will have costs in both courts. So modified, the decree is affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.